UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PAUL WILLIAM DANIELSEN | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-00878 (VAB) |
| | : | |
| v. | : | |
| | : | |
| USAA CASUALTY INSURANCE | : | |
| COMPANY, CUNNINGHAM LINDSEY | : | NOVEMBER 24, 2015 |
| U.S. INC., and DOES 1-100 inclusive | : | |
| | : | |
| Defendants. | : | |

## RULING ON MOTION TO DISMISS

**I.     INTRODUCTION**

Plaintiff, Paul William Danielsen, filed this diversity action *pro se* against Defendants, USAA Casualty Insurance Company ("USAA") and Cunningham Lindsey U.S., Inc. ("Cunningham"), claiming that he did not receive benefits to which he allegedly was entitled under a homeowner's insurance policy issued by USAA as a result of water damage to his property caused by a malfunctioning dishwasher. Plaintiff's Complaint has five counts: (1) breach of contract asserted against USAA; (2) breach of the implied covenant of good faith and fair dealing asserted against USAA; (3) negligence asserted against Cunningham; (4) violation of the Connecticut Unfair Insurance Practices Act asserted against USAA; and (5) violation of the Connecticut Unfair Trade Practices Act asserted against USAA. *See* Compl. at 8-34, ECF No. 1. Cunningham moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Three. For the reasons that follow, the motion is GRANTED.

1

## II.     FACTUAL ALLEGATIONS

USAA issued a homeowner's insurance policy to Plaintiff covering his property in Madison, Connecticut.  Compl. ¶ 15.  Plaintiff submitted a claim to USAA after his property suffered water damage caused by a malfunctioning dishwasher.  *Id.* ¶ 20.  USAA engaged Cunningham, a corporation in the business of adjusting insurance claims, to adjust Plaintiff's claim.  *Id.* ¶¶ 6, 101.  An insurance adjuster employed by Cunningham inspected Plaintiff's property, prepared an estimate, and submitted it to USAA.  *Id.* ¶¶ 24, 28, 105.  Plaintiff alleges that the estimate contained errors, and that, as a result, USAA paid him less than he should have received under the policy.  *See id.* ¶¶ 105, 107, 109-11.

## III.    STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  Even under this standard, the Court must liberally construe a *pro se* complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party, *In re NYSE Specialists Sec. Litig.*,

503 F.3d 89, 95 (2d Cir. 2007), and generally may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

**IV.     DISCUSSION**

Count Three sounds in negligence.  It alleges that Cunningham prepared a "negligent estimate," "negligently *created* a non-existent bedroom" when preparing its estimate, "neglected to include damage to Plaintiff's personal property," and "fail[ed] to conform to the applicable standards of care during the adjustments . . . ."  Compl. ¶¶ 103, 105-06, 109-11.

"'The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . . The existence of a duty is a question of law . . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant.'"  *Sic v. Nunan*, 307 Conn. 399, 406-07 (2012) (quoting *Pelletier v. Sordoni/Skanska Const. Co.*, 286 Conn. 563, 593 (2008)).

Plaintiff's negligence claim against Cunningham must be dismissed because Cunningham did not owe a duty to Plaintiff.

No Connecticut appellate court has decided whether an independent insurance adjuster retained by an insurance company to adjust an insured's claim owes a duty of care to that insured.  As a result, this Court must "either (1) predict how the [Connecticut Supreme Court] would resolve the question, or (2) certify the question to the [Connecticut Supreme Court] for a

definitive resolution." *Highland Capital Mgmt. LP v. Schneider*, 460 F.3d 308, 316 (2d Cir. 2006). Federal courts resort to certification sparingly, and do not certify questions of law "where sufficient precedents exist for use to make [a] determination." *Id.* (internal quotation marks and citation omitted).

The Court concludes that certification to the Connecticut Supreme Court is not appropriate in this case because there are a number of Connecticut Superior Court cases holding that an independent adjuster does not owe a duty to the insured.

In *Grossman v. Homesite Ins. Co.*, the Connecticut Superior Court observed that "[t]here is a split among those state jurisdictions that have addressed whether a negligence claim can be brought against an independent adjuster" and that "[t]he majority does not allow this cause of action." *Grossman v. Homesite Ins. Co.*, No. FSTCV075004413S, 2009 WL 2357978, at *3 (Conn. Super. Ct. July 6, 2009) (internal quotation marks and citation omitted). Surveying the split of authority, the Court identified three rationales for joining the majority.

First, "[t]he relationship between adjuster and insured is sufficiently attenuated by the insurer's control over the adjuster to be an important factor that militates against imposing a further duty on the adjuster to the insured . . . The law of agency requires a duty of absolute loyalty of the adjuster to its employer, the insurer . . . Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer." *Id.* (quoting *Meineke v. GAB Bus. Servs., Inc.*, 991 P.2d 267, 270-71 (Ariz. Ct. App. 1999)).

Second, "the insured could still bring a bad faith claim against the insurer as a source of recovery. Therefore, in a bad faith action against the insurer, the acts of the adjuster may be imputed to the insurer, allowing the injured insured plaintiff a remedy." *Id.* at *4 (citing

4

*Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 589 (S.C. 2003)).

Third, the court noted that one of the leading decisions for the minority position, *Morvay v. Hanover Ins. Cos.*, 506 A.2d 333 (N.H. 1986), conducted its duty analysis differently than a Connecticut court would "in that it only focused on the foreseeability prong of the duty of care test, and did not address public policy concerns." *Grossman*, 2009 WL 2357978, at *4. The Connecticut Supreme Court is not "required to address the first prong as to foreseeability if [it] determine[s], based on the public policy prong, that no duty of care existed." *Neuhaus v. DeCholnoky*, 280 Conn. 190, 218 (2006).

The *Grossman* court "agree[d] with the reasoning applied by the majority of courts that have refused to find that an independent adjustor, hired by an insurance company to investigate or adjust the claim of one of its insureds, owes a duty to the insured . . . ." *Id.* Subsequent Connecticut Superior Court decisions have arrived at the same conclusion. *E.g.*, *Weimer v. Allstate Ins. Co.*, No. CV106010177S, 2010 WL 5491973, at *5-6 (Conn. Super. Ct. Dec. 13, 2010) (dismissing insureds' negligence claim against independent insurance investigators hired by insurer to investigate plaintiffs' insurance claim "because under public policy grounds the defendants did not owe the plaintiffs a duty of care and therefore the facts alleged in the complaint cannot support a cause of action for negligence"); *Savanella v. Kemper Indep. Ins. Co.*, No. LLICV116003947S, 2011 WL 7049491, at *5 (Conn. Super. Ct. Dec. 28, 2011) (agreeing with reasoning of *Grossman* and dismissing insureds' negligence claim against appraiser selected by insurer); *Beck v. Utica Mut. Ins. Co.*, No. CV116022761, 2013 WL 3388880, at *6 (Conn. Super. Ct. June 18, 2013) ("Under the majority view, the plaintiff cannot

5

recover against Hamm because Hamm, in his capacity as an independent insurance adjuster, did not owe the plaintiff a duty of care.").

The Court agrees with the reasoning in these cases, and concludes that the Connecticut Supreme Court would hold that an independent insurance adjuster retained by an insurance company to adjust an insured's claim does not owe a duty of care to that insured.

In evaluating whether to impose a duty, the Connecticut Supreme Court would make "(1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." *Sic*, 307 Conn. at 407-08.  As noted above, the Connecticut Supreme Court would not be "required to address the first prong as to foreseeability if [it] determine[d], based on the public policy prong, that no duty of care existed." *Neuhaus*, 280 Conn. at 218.

This Court concludes that the Connecticut Supreme Court would be persuaded by the public policy considerations identified by *Grossman* and its progeny, and would join the majority of jurisdictions in not imposing a duty of care.

## V. CONCLUSION

For the foregoing reasons, Cunningham's motion to dismiss (ECF No. 16) is GRANTED and Count Three is dismissed.  SO ORDERED at Bridgeport, Connecticut this twenty-fourth day of November, 2015.

    /s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE